Mr. Jim Bradshaw, Benefits Manager City of Little Rock, Human Resources Department 500 West Markham, Suite 130W Little Rock, Arkansas 72201-1428
Dear Mr. Bradshaw:
You have requested an opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), regarding the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
More specifically, you indicate that you have received a request under the FOIA for "copies of each and every letter of discipline and or suspension maintained by the Little Rock Police Department" that has been issued to certain named individuals.
With regard to the foregoing FOIA request, you have presented the following questions:
 (1) Are disciplinary actions that are less severe than suspension or termination (e.g., reprimand, demotion, letter of counseling) considered "job performance records" and thus exempted from release under the FOIA?
 (2) Are materials documenting suspension without pay or termination of employment considered job performance records and thus exempt from the disclosure under the FOIA?
 (3) Does the statutory language regarding disclosure of suspension and termination documents at the end of the administrative appeal process become effective if there is no appeal to such action (i.e., the specified appeal period lapses with no appeal received)?
RESPONSE
As an initial matter, I must note that the Attorney General's authority under § 25-19-105(c)(3)(B) is to review the decision of the custodian of the records with regard to the release or withholding of personnel or employee evaluation/job performance records. Section 25-19-105(c)(3)(B) permits the subject of the records, the custodian of the records, and the requestor to seek an opinion from the Attorney General concerning whether the decision of the custodian is consistent with the FOIA. You have not indicated that you, as the custodian of the records, have made an initial decision as to the disclosability of the records. I note, however, that your questions appear to be integral to your ability to make a decision regarding this matter. I will therefore set forth the applicable legal analysis that you, as the custodian of the records, should consider in making your decision as to disclosability. I reiterate, however, that it is the responsibility of the custodian to make the initial review and determination, subject to my review if requested.
I must also note that I have not been provided with copies of the records in question and therefore cannot make a definitive determination regarding their disclosability. The disclosability of records often depends upon their contents and the circumstances under which they were created, which are factual questions. I will, nevertheless, set forth the applicable legal principles upon the basis of which a definitive determination of disclosability can be made by you as the custodian, because you are in a position to evaluate those factual matters.
Question 1 — Are disciplinary actions that are less severe thansuspension or termination (e.g., reprimand, demotion, letter ofcounseling) considered "job performance records" and thus exempted fromrelease under the FOIA?
It is my opinion that records reflecting disciplinary actions — even disciplinary actions other than suspension or termination — are properly classified as "employee evaluation or job performance records" within the meaning of the FOIA. This conclusion is consistent with previous opinions of this office. See, e.g., Ops. Att'y Gen. Nos. 97-222; 95-351; 94-306; 93-055. I have consistently opined that records which detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. Id.
Under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
Your question appears to indicate that in certain instances, there was no suspension or termination of the employee whose records have been requested. If this is the case, the records are exempt from disclosure. Moreover, even if there had been a suspension or termination, the records are not disclosable if they did not form a basis for the decision to suspend or terminate, or if they do not relate to the suspension or termination. See Op. Att'y Gen. No. 97-415.
Question 2 — Are materials documenting suspension without pay ortermination of employment considered job performance records and thusexempt from the disclosure under the FOIA?
I have consistently opined that materials documenting a decision to suspend or terminate an employee are properly classified as "employee evaluation/job performance records," within the meaning of the FOIA.See, e.g., Ops. Att'y Gen. Nos. 97-415; 97-400; 96-258, 96-257, 96-033. As such, they are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
A determination of whether the records about which you have inquired meet the above-listed conditions involves certain questions of fact that I am unable to answer. Although the first condition has presumably been met in that these records document the suspension or termination in question and are therefore assumed to have formed the basis for the suspension or termination as required by the FOIA, see Op. Att'y Gen. No. 97-415, a determination of whether the remaining two conditions have been met will require factual evaluation by you as the custodian. The question of whether there has been a final administrative resolution of the matter can be readily determined. The question of whether there is a compelling public interest in the records is somewhat more complex.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press 2d ed. 1994) at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present."Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. WATKINS, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue."). These are the factors that you, as the custodian of the records, should consider in making your disclosure decision.
Question 3 — Does the statutory language regarding disclosure ofsuspension and termination documents at the end of the administrativeappeal process become effective if there is no appeal to such action(i.e., the specified appeal period lapses with no appeal received)?
It is my opinion that in instances in which a suspension or termination decision is not appealed, the language of the FOIA regarding the disclosure of employee evaluation/job performance records becomes applicable when the time period for appeal has lapsed.
The applicable language is that which provides that one of the conditions for the release of employee evaluation/job performance records is that there has been a "final administrative resolution of any suspension or termination proceeding." It is my opinion that such a decision has reached its final resolution upon the expiration of the time provided for administrative appeal, regardless of whether the employee avails himself or herself of the opportunity to appeal. In this regard, Professor Watkins has stated:
 The term "final administrative resolution" should be construed to mean the final decision-making step taken by the employing entity, regardless of the bureaucratic level at which the decision is made. For example, in some cases the matter might be resolved by a department head, while in others the employee may decide to seek review by the top agency official or, in the case of police officers, by a city civil service commission. If no such review is sought, however, the initial decision is "final" for purposes of this provision. Moreover, the use of the term" proceeding" (as opposed to "hearing") suggests that the finality requirement is satisfied when a decision is reached short of the stage where full-blown hearing procedures are employed. Thus, if an agency and employee reach an understanding whereby the employee agrees to accept a suspension and chooses not to exercise his right to a hearing, the matter should be considered final.
WATKINS, The Arkansas Freedom of Information Act (mm Press 2d ed. 1994) at 134, citing Op. Att'y Gen. No. 90-292.
For the foregoing reasons, I conclude that in instances in which a suspension or termination decision is not appealed, the language of the FOIA regarding the disclosure of employee evaluation/job performance records becomes applicable when the time period for appeal has lapsed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh